# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ARLENE ALLEN-CORNWALL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Civil Action No. 8:25-cv-03385-WFJ-AEP |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), by and through the undersigned counsel, responds to the Complaint ("Complaint") filed by Plaintiff Arlene Allen-Cornwall ("Plaintiff") as follows.

By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein.

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff brings this action alleging violation of 15 U.S.C. § 1681 *et seq.* ("FCRA"). Experian denies that it violated the FCRA or any other law and denies, generally and specifically, each and every remaining allegation of Paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit

Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 2 inconsistent therewith.

3. In response to paragraph 3 of the Complaint, Experian admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

## JURISDICTION AND VENUE

4. In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Experian states that this is a legal conclusion which is not subject to denial or admission.

5. In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged venue is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission.

6. In response to paragraph 6 of the Complaint Experian admits that Plaintiff has alleged assignment to the Tampa Division under Local Rule 1.04. Experian states that this is a legal conclusion which is not subject to denial or admission.

## PLAINTIFF

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 7 of the Complaint.

## DEFENDANT CONSUMER REPORTING AGENCIES

8. In response to paragraph 8 of the Complaint, Experian admits that its principal address is in Costa Mesa, CA, that is has a registered agent in Plantation, FL and a corporation formed in Ohio. Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as expressly admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint as it pertains to Experian. As to the allegations in paragraph 8 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

### A. The Inaccurate Bankruptcy Record and its Deletion by LexisNexis

10.    In response to paragraph 10 of the Complaint, Experian admits that Plaintiff's name is associated with a Chapter 7 bankruptcy in the public record and that the bankruptcy appears on her credit report.  Except as expressly admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint

11.    In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 11 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.    In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 12 of the Complaint.

13.    In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates

to Experian. As to the allegations in paragraph 13 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint.

### **B. Plaintiff's Disputes to Experian and Experian's Unreasonable "Verifications"**

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

20. In response to paragraph 20 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 20 inconsistent therewith.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT II:
### Violation of 15 U.S.C. § 1681i(a) – Failure to Conduct a Reasonable Reinvestigation and Delete Inaccurate Information

26. In response to paragraph 26 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 26 inconsistent therewith.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT III:

## Violation of 15 U.S.C. § 1681s-2(b) – Failure to Properly Update and Correct Information After Notice of Dispute from Furnisher

31. In response to paragraph 31 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 31 inconsistent therewith.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35A. In response to paragraph 35A of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## DAMAGES

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any relief requested therein, or any relief whatsoever, from Experian.

## JURY DEMAND

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State a Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
**(Truth/Accuracy of Information)**

Plaintiff's claims fail to the extent that they are barred because the information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## FOURTH AFFIRMATIVE DEFENSE
**(Failure To Mitigate Damages)**

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were

the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff's claims fail to the extent that they are barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amount from others.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff cannot recover against Experian to the extent that his Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein may be barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in

11

this case.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is not liable to Plaintiff to the extent that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff cannot recover against Experian to the extent that the Complaint and each claim for relief is barred by laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff cannot recover any damages that she may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Jurisdiction and Venue)

Plaintiff cannot proceed in this action to the extent that jurisdiction and venue are not proper to hear Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief

fails to the extent that it violates the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims are barred to the extent they are subject to a valid and binding arbitration agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: January 15, 2026 /s/ *Gary Sonnenfeld*

Gary Sonnenfeld
Florida State Bar No. 53261
TROUTMAN PEPPER LOCKE LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
Telephone: (305) 712-1572
Facsimile: (561) 655-8719
Email: gary.sonnenfeld@troutman.com
*Counsel for Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

>Arlene Allen-Cornwall
>1518 Blue Rose Drive
>Ruskin, Florida 33570
>*Pro se plaintiff*

>*/s/ Gary Sonnenfeld*
>Gary Sonnenfeld
>Florida State Bar No. 53261
>
>*Counsel for Experian Information Solutions, Inc.*

324245395